**32** GRAHAM BROTHERS AKTIEBOLAG *v.* ST. PAUL F. & M. INS. Co.

Supreme Court, October, 1925. [Vol. 126

GRAHAM BROTHERS AKTIEBOLAG (a Corporation), Plaintiff, *v.* ST. PAUL FIRE AND MARINE INSURANCE COMPANY and Another, Defendants.

Supreme Court, New York County, October 22, 1925.

Costs — security for costs — motion by plaintiff to vacate order requiring it to give security for costs — intervening defendant obtaining order compelling plaintiff to give said security not " the defendant," within meaning of Civil Practice Act, § 1522 — order vacated.

Plaintiff's motion to vacate an order, obtained by an intervening defendant, made a party defendant herein on his own motion, requiring it to give security for costs, should be granted, since said defendant is not, within the meaning of section 1522 of the Civil Practice Act, " the defendant " entitled to compel a plaintiff to give security for costs. The words " the defendant " mean the defendant originally sued or brought in on motion by the plaintiff.

Moreover, security for costs should not be allowed a defendant whom plaintiff had no desire to bring in as a party defendant.

MOTION by plaintiff to vacate order requiring it to give security for costs.

*Gustav Lange,* for the plaintiff.

*Hornblower, Miller & Garrison* [*Lindley M. Garrison* and *John C. Banser* of counsel], for the defendant Berg.

PROSKAUER, J. This action was originally brought against the defendant insurance company only. Berg applied for leave to intervene. His application was resisted by the plaintiff and he finally succeeded in the Appellate Division. (213 App. Div. 810.) He has filed an answer containing some denials and setting up an affirmative cause of action against his codefendant. He obtained an order compelling plaintiff to give him security for costs and plaintiff moves to vacate that order. Its contention is that it did not sue this defendant and that it should not be prejudiced in maintaining the action against the defendant it did sue by the circumstance that Berg had himself made a party defendant on his own motion. The situation appears to be novel and no authority is cited by either side. While the defendant may bring himself within the language of section 1522 of the Civil Practice Act, literally construed, it seems to me highly unreasonable that he should be allowed to subject the plaintiff to the necessity of giving this undertaking in spite of the circumstance that the plaintiff had no desire whatever to sue Berg or bring him in as a party. A reasonable construction of section 1522 seems to me to require a holding that the words " the defendant " mean the defendant originally sued or brought in on motion of the plaintiff.

Motion to vacate order for security for costs granted.